UNITED PORTO RICAN SUGAR CO. OF PORTO RICO, Plaintiff and Appellee, v. HEIRS OF PEDRO SÁNCHEZ, Defendants and Appellants.

No. 5909. Argued March 13, 1936.—Decided March 31, 1937.

*L. Llorens Torres* for appellants. *González Fagundo & González, Jr.,* and *Walter L. Newsom, Jr.,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

This was a suit for an injunction to restrain defendant from disturbing plaintiff in the possession of a certain parcel of land. Among other defenses defendant set up want of facts sufficient to constitute a cause of action. This question was submitted as a demurrer before the trial and overruled by the district court.

Sections 1 and 2 of "An Act to Provide proceedings for the recovery of possession of real property," approved March 13, 1913 (Session Laws, p. 83), were as follows:

"Section 1.—That an injunction to restore the material possession of real property shall be granted where a party shows to the court that he has been deprived of such material possession by the forcible or fraudulent acts of another, unless such acts were done by virtue of legal process.

"Section 2.—That the complaint shall be drawn up and sworn to in accordance with the provisions of the Code of Civil Procedure, and shall state:

"(1) That the complainant was within four months prior to the filing of the complaint in the actual possession of the property described in the said complaint.

"(2) That he has been deprived thereof by such forcible or fraudulent acts. It must also clearly describe the acts which constitute the dispossession, and must also state whether such acts were committed by the party defendant or by another person under his orders."

These two sections, as amended in 1917 (Session Laws, vol. II, p. 220), read as follows:

"Section 1.—That an injunction for the retention or recovery of material possession of real property shall be granted on petition of the interested party provided he shows to the satisfaction of the court that he has been disturbed in his possession or tenancy of said property by acts showing intention of disturbing or depriving him of such possession, or when he has already been deprived of said possession or tenancy.

"Section 2.—The complaint shall be drafted and sworn to pursuant to the provisions of the Code of Civil Procedure and shall set forth:

"(1) That the complainant was within the year preceding the filing of the complaint in the actual possession of the property described in said complaint if it is sought to recover it, and was and is in possession thereof if it is sought to retain it.

"(2) That he has been disturbed or deprived of the said possession or tenancy.

"He shall also describe clearly the facts constituting the disturbance or deprivation and whether said acts were committed by the defendant or by some other person by order of the said defendant."

The theory of appellants is that the words of subdivision 1 of section 2, "within the year preceding the filing of the complaint," should be construed to mean for more than a year preceding the loss or disturbance of possession. Appellants also submit that plaintiff should have alleged that its possession was not by mere tolerance and had not been obtained by violence or by clandestine acts unknown to the previous possessor. In support of these contentions appellants rely on sections 446, 447, 448, 462, subdivision 4, and 1869 of the Civil Code (Comp. Stat. 1911).

There is no presumption that a plaintiff is in possession by the mere tolerance of a defendant or that defendant had been previously in possession of the land in question at any time. Neither section 446 of the Civil Code nor the brief for appellants discloses any satisfactory basis for the conclu-

sion that the plaintiff in a suit of this kind must negative the possibility, first, that he might have acquired from the defendant, and, second, that he might have acquired the same by violence or by clandestine methods unknown to defendant or that he might be in possession by the mere tolerance of defendant. As to the construction sought to be placed on subdivision 1 of section 2 of the Act of 1913, as amended, *supra,* it would suffice to say perhaps that this is a suit to enjoin the disturbance of a possession that has never been lost, not a suit to recover possession. Subdivision 4 of section 462 of the Civil Code, it seems to us, has no bearing on the instant case. The pertinent sections are 448 and 1869, which say that:

"Section 448.—(375, 1930 ed.) Every possessor has a right to be respected in his possession; and if he be disturbed therein, he shall be protected or reinstated in such possession by the means established in the laws of procedure."

"Section 1869.—(1868, 1930 ed.) The following prescribe in one year:

"1.—Actions to recover or retain possession.

"    .      .      .      .      .      .      .    ."

If, however, there be any question of construction, we are persuaded that subdivision 1 of section 2, *supra,* must be construed to mean what it says, namely: "within the year preceding the filing of the complaint," not for more than a year preceding the date of the alleged disturbance.

As a matter of fact, plaintiff alleged possession for more than a year prior to the commencement of the action, but appellants say that this was not enough, because plaintiff also alleges that the disturbance occurred some four months before the commencement of the action and, therefore, it does not appear that plaintiff was in possession for more than a year prior to the date of the disturbance. It may be conceded that a plaintiff who has acquired possession by force or against the will of a previous possessor may, after the lapse of a year, enjoin the previous possessor from inter-

ference with the new possession so acquired. It does not follow that every plaintiff in an action to enjoin interference with his possession must allege possession for at least a year and a day prior to the date of the alleged disturbance or threat of disturbance.

■ Another contention of appellants is that the district court erred in not applying, or in erroneously construing, section 1866 of the Civil Code. It is, we think, equally without merit.

We are inclined to agree with defendants that Monserrate Concepción Correa, Merminuta, María de Jesús, Juliana, Sebastiana, and Simona Sánchez should not have been held responsible for the unauthorized acts of their co-defendant, co-heir, and co-owner in disturbing plaintiff's possession.

Other assignments go to the weighing of the evidence. Although these questions are not discussed in the brief for appellants, we have examined the evidence and find no such manifest error in the weighing thereof as to require a reversal.

The judgment appealed from will be modified by eliminating therefrom the names of Monserrate Concepción Correa, Merminuta, María de Jesús, Juliana, Sebastiana, and Simona Sánchez, and, as modified, affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.